**Robert E. PRICE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 93–536 C.

United States Court of Federal Claims.

Feb. 5, 1999.

Gary Myers & Associates, Evergreen, CO, for plaintiff.

Charles Coleman Bird, U.S. Department of Justice, Civil Division–Commercial Litigation Branch, Washington, DC, for defendant.

*OPINION*

SMITH, Chief Judge.

**INTRODUCTION**

This case is before the court on cross motions for summary judgment as supplemented pursuant to the parties' RCFC 60.1(b)(4) notices and after final administrative action by the Army Board for Correction of Military Records (ABCMR). Plaintiff contends that his 1985 and 1986 Officer Evaluation Reports (OER's) were adverse and, therefore, that he was denied due process in violation of Army Regulation 623–105 when his senior rater (SR) failed to refer plaintiff's OER's to him as adverse. Plaintiff further claims that the ABCMR's decision to deny him relief was arbitrary and capricious, an abuse of discretion, or contrary to law and Army regulation.

**FACTS**

Plaintiff, Robert E. Price, is a former warrant officer in the United States Army. Plaintiff was honorably released from active duty on October 13, 1991 because he had been passed over for promotion to the rank of chief warrant officer (CW3) two times. Plaintiff alleges his non-selection to CW3 rank was based on two adverse OER's, which he contends were not prepared in accordance with army regulations. The first report (OER1) spans the work period from September 4, 1984 until September 3, 1985. The second report (OER2) spans the work period from September 4, 1985 until April 8, 1986.

Plaintiff was given a copy of OER1 on September 12, 1985, and a copy of OER2 on April 6, 1986. Plaintiff argues, however, that from the hard copies he received, one could not tell that the reports were negative. In fact, he argues they were quite laudatory in the "remarks" section. Although plaintiff's SR made only positive comments, he nevertheless numerically ranked plaintiff below the median (below "center of mass" or COM). Five years later, after he learned that plaintiff had been passed over twice for promotion, his SR prepared a supportive statement indicating that he had erred when he gave plaintiff a below COM numerical rating.

Plaintiff did not appeal either of the OER's to the Officer Special Review Board (OSRB) until 1991, five years after they were issued. The OSRB reviewed the merits of plaintiff's application but denied plaintiff's claim, stating that plaintiff had not shown the OER's to be inaccurate in spite of the SR's admission.

By application dated May 28, 1992, plaintiff then appealed to the Army Board for Correction of Military Records (ABCMR). In his application for review, plaintiff stated that the date he discovered the alleged error or injustice was January 1989. The statute of limitations is three years after the date of discovery of the alleged error. 10 U.S.C. § 1552(b). Plaintiff filed for ABCMR review more than three years after he discovered the error. At the request of both parties the court remanded plaintiff's case to the ABCMR by order dated January 10, 1995 notwithstanding the expiration of the statute of limitations. The ABCMR considered plaintiff's application on remand and rendered its decision upon the merits, again denying plaintiff's claim.

The ABCMR filed its Decision on Remand with the court on October 23, 1995. Plaintiff had claimed that he was denied due process in violation of Army Regulation 623–105 when his SR failed to refer plaintiff's OER's to him as adverse. The ABCMR found no violation. Instead, it found that plaintiff's OER's were "administratively correct," were "not intended to be adverse, and were not considered adverse." Although plaintiff's SR stated in a memorandum of support that he had not accurately portrayed the applicant's potential during the two referenced rating periods, the Board did not agree. It found that the contested OER's represented the considered opinion and objective judgment of the rating officials at the time of preparation. The Board concluded that plaintiff's SR was attempting, five years later, to help plaintiff by stating that he had erred by giving plaintiff a below COM numerical rating two years in a row.

Pursuant to RCFC 60.1(b)(4), the parties filed their notices after this final administrative action by the ABCMR. Plaintiff stated, in his December 4, 1995 notice, that the Board's findings did not provide a satisfacto-ry basis for disposition. Plaintiff petitioned the court to suspend proceedings while he submitted advisory opinions from internal Army sources in his own branch or specialty area for reconsideration by the ABCMR. The court issued an order to stay proceedings on December 13, 1995, effectively a second remand to the ABCMR.

The ABCMR filed its second Decision on Remand with the court on December 4, 1997. The Board had reconsidered plaintiff's application, taking into consideration new evidence consisting of two statements from warrant officers. These warrant officers indicated that plaintiff's below COM OER's materially prejudiced his chances for promotion. They also noted the inconsistency between the SR's favorable narrative report and his numerical rating of plaintiff which placed him below COM. The Board interpreted the supporting statements by these two warrant officers as it had interpreted the earlier supporting statement by plaintiff's SR, as attempts to help plaintiff win his appeal. Again the ABCMR denied plaintiff's application for correction of records, reinstatement, and back pay.

## DISCUSSION

The ABCMR explained that competition among officers for promotion is very keen. Even an officer with an apparently outstanding record may appear less outstanding when compared to other even more exemplary officers. Most of plaintiff's OER's were at COM. Only once did he receive an above COM numerical rating.

The Board reiterated in its second Decision on Remand that plaintiff's SR was unlikely to make a mistake in plaintiff's rating two years in a row. The Board also thought it unlikely that such mistakes in two consecutive years would not be noticed by plaintiff or his SR until five or six years later when plaintiff was denied promotion. Finally, the Board noted that an Army Commendation Medal was awarded to plaintiff based upon his performance in the past and was not based upon his potential for promotion.

Army Regulation 623–105, paragraph 4–27, requires that certain adverse OER's be re-

ferred to the rated officer by his SR. This provision would have allowed plaintiff to acknowledge and comment upon his OER's before they were sent to Headquarters—if the OER's were adverse. Plaintiff claims his OER's were adverse according to examples of adverse reports described in the regulation. Plaintiff relies on paragraph 4–27(e), "Any report with a potential evaluation in Part V(d) of 'Do not promote' or narrative comments to that effect from any rating official" and on paragraph 4–27(h), "Any report with ratings or comments that, in the opinion of the senior rater, are so derogatory that the report may have an adverse impact on the rated officer's career." Plaintiff reasons that his below COM ratings in Part VII(a) were so derogatory that the report may have had an adverse impact on his career. He reasons further that his below COM ratings amounted to a potential evaluation of "Do not promote." The ABCMR, reviewing plaintiff's record twice on remand, disagreed. The ABCMR found on both occasions that plaintiff's OER's were not adverse.

Army Regulation 623–105, paragraph 4–27(g) states that "Any report with a senior rater potential evaluation in one of the bottom three blocks in Part VII(a)" is considered adverse. Plaintiff's SR potential evaluations were not in the bottom three blocks of part VII(a). Plaintiff's SR had not checked "Do not promote" on Part V(d) of plaintiff's OER's. Furthermore, his SR's accompanying narrative was laudatory. Plaintiff claims that the inconsistency between a below COM rating and laudatory remarks by his SR shows that the below COM rating was in error. Indeed, plaintiff's SR later said that he erred. In the considered opinion of the OSRB and later of the ABCMR, plaintiff's SR did not err and need not have viewed a below COM rating as adverse. As noted above, competition among officers for promotion is very keen. A report of anything less than consistently exemplary performance might have an adverse impact on the rated officer's career if his peers were all exemplary officers. Despite its potentially adverse impact, such a report would not be derogatory.

In its Decision on Remand, the ABCMR calls plaintiff's contentions "purely speculative." The Board explains that selection boards may not divulge their reasons for promoting or not promoting a candidate and that the below COM ratings may not have been the sole reason plaintiff was not promoted.

The court finds that the decision of the ABCMR was not arbitrary and capricious, an abuse of discretion, or contrary to law and Army regulation. Accordingly, defendant's motion for summary judgement is GRANTED and plaintiff's claim is hereby DISMISSED.

**IT IS SO ORDERED.**